IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EMILIA HERNANDEZ GALVAN,** individually and as independent administrator of and on behalf of the Estate of Michael Galvan and Michael Galvan's heir(s)-at-law and wrongful death beneficiaries; and **JOSE JUAN GALVAN,** Individually, | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. **3:24-CV-2388-L** |
| **ROCKWALL COUNTY, TEXAS; and TURN KEY HEALTH CLINICS, LLC,** | § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is Defendant Turn Key Health Clinics, LLC's ("Turn Key") Partial Motion to Dismiss the Second Amended Complaint and Brief in Support ("Third Motion") (Doc. 63), filed December 24, 2025. On January 14, 2026, Plaintiffs Emilia Hernandez Galvan in her individual capacity and as the independent administrator of the Estate of Michael Galvan, and Jose Galvan filed their Response to Defendant Turn Key Health Clinics, LLC's Partial Motion to Dismiss the Second Amended Complaint ("Response") (Doc. 65). No reply was filed by Turn Key. After carefully considering Turn Key's Third Motion, the pleadings, Response, record, and applicable law, the court, for the reasons herein stated, **grants** the Third Motion.

On September 29, 2025, the court issued its Memorandum Opinion and Order dismissing without prejudice Plaintiffs' claims for episodic acts or omissions and medical negligence against Turn Key for failure to satisfy the pleading requirements outlined in Rule 8 and 12(b)(6). The court directed Plaintiffs to file a Second Amended Complaint by October 24, 2025, that cured the

deficiencies noted as to their claims for episodic acts or omissions and medical negligence. The court noted that failure to comply with its directive would result in the dismissal with prejudice of Plaintiffs' claims for episodic acts or omissions and medical negligence, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, or dismissal without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

On October 3, 2025, Plaintiffs notified the court that they would not be amending their complaint as permitted by the court's Memorandum Opinion and Order and would instead continue to prosecute the remaining claims that were not dismissed. Doc. No. 43. On December 11, 2025, Plaintiffs filed a Second Amended Complaint (Doc. No. 62); however, Plaintiffs did not correct the deficient pleadings with respect to their medical negligence and episodic acts or omissions claims as ordered by the court. On December 24, 2025, Turn Key filed the Third Motion requesting that the court dismiss Plaintiffs' episodic acts or omissions and medical negligence claims against it with prejudice. Doc. No. 63. In response, Plaintiffs state that because they opted not to cure the deficiencies regarding the claims in their Second Amended Complaint, that the claims were dismissed with prejudice as of the October 24, 2025, deadline.

To make the record unequivocally clear, the court **grants** Turn Key's Third Motion (Doc. No. 63), and Plaintiff's episodic acts or omissions and medical negligence claims against Turn Key are **dismissed with prejudice**, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff's 42 U.S.C. 1983 conditions of confinement and wrongful death claims remain against Turn Key.

**It is so ordered** this 9th day of September, 2026.

Sam A. Lindsay
United States District Judge